IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

UNITED STATES OF AMERICA

    v.                                      CASE NO. 1:20MJ00080

DYLAN STEPHEN JAYNE,
        Defendant

## MOTION FOR RELEASE

Dylan Stephen Jayne has been in continuous custody since June 25, 2020. He appeared in the Eastern District of Virginia unable to assist counsel, was denied bond, and was subsequently transferred to the Western District of Virginia for proceedings. After appearing in this district, a psychiatric examination was ordered and it was determined that Mr. Jayne was not competent and an order committing him to psychiatric treatment was entered. That order was entered on September 2, 2020, and Mr. Jayne remains in custody without a determination regarding his competency. The statutorily permissible time to make this determination has expired, and there is no basis for Mr. Jayne's further detention. As such, we respectfully move this Court to release Mr. Jayne from the custody of the United States.

    **I.**    **Mr. Jayne has been in continuous custody since June 25, 2020 and remains in custody awaiting a determination regarding whether there is a substantial probability that he will be competent in the foreseeable future.**

On May 13, 2020 a complaint was filed alleging Mr. Jayne violated 18 U.S.C. § 875(c), transmitting in interstate commerce a threat to injure the person of another, by leaving a voicemail message at a politician's office. Dkt. No. 3.  On June 25, 2020, Mr. Jayne was arrested in the Eastern District of Virginia, where he initially appeared in court. Dkt. No. 7. Shortly thereafter, on July 8, 2020, the government moved for a psychiatric examination to determine his competency pursuant to 18 U.S.C. § 4241. Dkt. No. 8.  The Court granted the motion on August 6, 2020 and ordered an evaluation be performed at the Southwest Virginia Regional Jail. Dkt. No. 14.  Following the receipt of the report, on September 2, 2020, the Court entered a written order finding that "…the defendant is mentally incompetent for his charge to proceed against him at this time." (ECF No.37). The Court further ordered:

> Pursuant to 18 U.S.C. 4241(d)(1), it is ORDERED that the defendant is committed to the custody of the Attorney General to be hospitalized for treatment in a suitable mental health facility for a reasonable period of time, *not to exceed four months*, as is necessary to determine whether there is a substantial probability that in the foreseeable future the defendant will attain the capacity to permit his trial to proceed.
>
> The court ORDERS that the Bureau of Prisons designate the facility to which the defendant will be transferred **forthwith**. The court FURTHER ORDERS that, once the defendant is designated, the U.S. Marshals Service arrange a district-to-district transport of the defendant to the designated facility.
>
> At the conclusion of this period the treating psychiatrist or psychologist shall report his/her findings to this court as to the following:
>
> 1. Whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or assist properly in his defense; and

2. If so, whether there is a substantial probability that in the foreseeable future the defendant will attain the capacity to permit him trial to proceed." *Id.*

Counsel received a copy of a letter addressed to the Court dated January 8, 2021, more than four months after this Court's order, from Warden T. Scarantino, advising Mr. Jayne was admitted to the FMC Butner on December 21, 2020. A copy of the letter is attached as Exhibit 1.

**II.   The statute permits up to four months to determine whether there is a substantial probability that a person will attain capacity to permit the proceedings to go forward.**

Title 18 U.S.C. § 4241(d) provides that a person may be hospitalized by the Attorney General in a suitable facility,

> (1) For such a reasonable period of time, *not to exceed four months*, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and
>
> (2) For an additional reasonable period of time until—
>
>> (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or
>>
>> (B) the pending charges against him are disposed of according to law; whichever is earlier.

If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248.

3

### III. The reasonable period of time dictated by statute has expired.

The Court concluded that Mr. Jayne was not competent on September 2, 2020 and ordered him to be held in custody for a period *not to exceed four months* to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed. The four-month period ended on January 2, 2021. Though Mr. Jayne did not arrive at FMC Butner until December 21, 2020, the statute does not exclude the transportation time before Mr. Jayne was admitted to a federal facility or for administrative delay.

### IV. There is no statutory authority permitting the government to hold Mr. Jayne in custody.

Absent a finding under § 4241(d)(2)(A) of a "substantial probability that within [an additional reasonable period of time] he will attain the capacity to permit the proceedings to go forward," the statutory authority for the Government to hold a person under section 4241(d) expired after four months. *United States v. Baker*, 807 F.2d 1315, 1320 (6th Cir. 1986) (holding that there was "no authority to confine appellant beyond the four months authorized by section 4241(d)" where there was no finding "that the individual is likely to attain competency within a reasonable time"); *see also Jackson v. Indiana*, 406 U.S. 715, 733 (1972) ("without a finding of dangerousness, one committed [under the federal incompetency statutes] can be held only for a 'reasonable period of time' necessary to determine whether there is a substantial chance of his attaining the capacity to stand trial in the foreseeable future. If the chances are slight, or if the defendant does not in fact improve, then

4

he must be released or granted a [civil commitment] hearing."). In Mr. Jayne's case no additional reasonable period of time was requested, authorized or ordered by way of 4241(d)(2).

Mr. Jayne's status as a person "committed to the custody of the Attorney General pursuant to section 4241(d)" has expired. The Fourth Circuit explained in a later-vacated section 4246 opinion, "[i]t is only upon compliance with the procedures, under § 4246, that federal detention can be continued after the time allotted by section 4241 has expired." *United States v. Charters*, 829 F.2d 479, 486 (4th Cir. 1987), *vacated*, 863 F.2d 302 (4th Cir. 1988) (en banc), *abrogated by Washington v. Harper*, 494 U.S. 210 (1990). In that case, the court explained that "the conclusion is virtually inescapable that Charters is being improperly confined." *Id.* at 487. It spoke plainly: "The noncompliance with the statute is not a mere technicality—it is directly contrary to Congress' command." *Id.*

After the four-month benchmark, January 2, 2021, absent a finding under § 4241(d)(2)(A) of a "substantial probability that within [an additional reasonable period of time] he will attain the capacity to permit the proceedings to go forward," the statutory authority for the Government to hold a person under section 4241(d) expired. *United States v. Wayda*, 966 F.3d at 305 (4th Cir. 2020) ("any additional period of confinement beyond the initial four month §4241(d)(1) hospitalization to address competency depends on the finding of an additional justification in either § 4241(d)(2) or the initiation of a civil commitment proceeding pursuant to the relevant statute [Sections 4248 or 4246]"); *United States v. Baker*, 807 F.2d 1315,

5

1320 (6th Cir. 1986) (holding that there was "no authority to confine appellant beyond the four months authorized by section 4241(d)" where there was no finding "that the individual is likely to attain competency within a reasonable time"); *United States v. Donofrio*, 896 F.2d 1301, 1303 (11th Cir. 1990) (explaining that Section 4241 limits confinement for the purpose of determining restorability to a reasonable period of no longer than four months); *see also Jackson v. Indiana*, 406 U.S. 715, 733 (1972) ("without a finding of dangerousness, one committed [under the federal incompetency statutes] can be held only for a 'reasonable period of time' necessary to determine whether there is a substantial chance of his attaining the capacity to stand trial in the foreseeable future. If the chances are slight, or if the defendant does not in fact improve, then he must be released or granted a [civil commitment] hearing.").

In *Wayda*, "the Government ran afoul" of time constraints when the defendant was held for over three years from his indictment. As here, the defendant in *Wayda* was held past the four-month period set forth in the statute. In Mr. Jayne's case, the Court has not made a finding that he is likely to be restorable in the near future. No "substantial probability" finding pursuant to 4241(d)(2) properly extending the 4241(d)(1) evaluation period has been made.

The court in the Eastern District of North Carolina dismissed a §4246 certificate for a similar reason. *United States v. White*, No. 5:18-HC-2295-BR, DE 22 (E.D.N.C. Mar. 15, 2019). The Government filed a section 4246 certificate more than twenty-two months after Mr. White's section 4241(d) commitment. The Court

6

dismissed the certificate: "This court cannot hold that respondent's commitment status under § 4241(d) has a limitless duration. Because respondent's certification occurred almost a year and a half after the time allotted under § 4241(d), he was not properly committed to the Attorney General pursuant to § 4241(d) at the time petitioner filed the certificate." *Id.* at 5. The Government did not appeal that decision. And for good reason: limitless commitment under § 4241(d) violates due process. *Jackson*, 406 U.S. at 738-739. Although the Supreme Court has not prescribed "arbitrary time limits," for when a statutory violation bleeds into a due process violation, it noted with disapproval that Jackson had been confined without a dangerous determination "for three and one-half years on a record that sufficiently establishes the lack of a substantial probability that he will ever be able to participate fully in a trial." *Id.* at 738-739. Likewise, a district court in Maine concluded it lacked authority to order a dangerousness evaluation after the section 4241(d) period expired. It explained that to read the statute otherwise would be unreasonable; it "would mean that once a defendant was found incompetent to stand trial and committed for treatment, forever after he would be subject to re-hospitalization at any time for a dangerousness evaluation." *United States v. Hardy*, 770 F. Supp. 2d 410, 412-413 (D. Me. 2011).

An individual remains committed to the custody of the Attorney General under § 4241(d) until he regains competency or until the charges against him are dismissed ***only*** where the court has made a timely finding that there is a "substantial probability" the person can attain competence to stand trial, as *Baker*,

7

*Donofrio*, and *White* explain. Mr. Jayne is not properly in the custody of the Attorney General pursuant to §4241(d). Therefore, there is no legal authority to hold him any longer and he requests his immediate release from custody.

                                    Respectfully submitted,

                                    Dylan Jayne
                                    By Counsel

                                    JUVAL O. SCOTT
                                    Federal Public Defender

                                    *Nancy Dickenson-Vicars*
                                    NANCY DICKENSON-VICARS
                                    Assistant Federal Public Defender
                                    201 Abingdon Place
                                    Abingdon, VA 24211
                                    VSB No. 28120
                                    nancy_dickenson@fd.org
                                    276-619-6080
                                    VSB No. 28120

## CERTIFICATE OF SERVICE

     I hereby certify that on January 27, 2021, I caused the foregoing Motion to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification to Jennifer Bockhorst, Assistant United States Attorney.

                                    *Nancy Dickenson-Vicars*
                                    Nancy Dickenson-Vicars