# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | **MEMORANDUM ORDER** |
| v. ) | **CASE NO. 1:20mj00080-001** |
| ) | |
| **DYLAN STEPHEN JAYNE,** ) | |
|     Defendant. ) | |

Pursuant to 18 U.S.C. § 4241(d)(1), on September 2, 2020, this court ordered that the defendant be committed to the custody of the Attorney General to be hospitalized for treatment in a suitable mental health facility for a reasonable period of time, not to exceed four months, as was necessary to determine whether there is a substantial probability that in the foreseeable future the defendant would attain the capacity to permit his trial to proceed. By letter dated January 8, 2021, the Warden of the Federal Medical Center at Butner, N.C., ("FMC Butner"), notified the court that the defendant arrived at the facility on December 21, 2020. Based on that arrival date, the letter stated that the Warden calculated the defendant's four-month evaluation period to end on April 19, 2021. (Docket Item No. 43.)

On January 27, 2021, defense counsel filed the Motion For Release, (Docket Item No. 44) ("Motion") currently before the court. The Government has responded, (Docket Item No. 48) ("Response"), and the Motion is ripe for decision. The Motion argues that more than four months have passed since the court committed the defendant to the custody of the Attorney General on September 2, 2020. It argues that, since more than four months have passed since the entry of the court's order, the defendant should immediately be released from custody. The Motion argues that

the four-month period prescribed by § 4241(d)(1) began on the date of the court's September 2, 2020, Order committing the defendant to the custody of the Attorney General. The plain language of the statute and the cases cited in the Motion, however, do not support this reading of § 4241(d)(1). As the Fourth Circuit recognized in *United States v. Wayda*, 966 F.3d 294, 297 (4th Cir. 2020), §4241(d)(1) states that the "Attorney General *shall hospitalize* the defendant *for treatment in a suitable facility* … for such a reasonable period of time, not to exceed four months…." 18 U.S.C. § 4241(d)(1) (emphasis added). Furthermore, the court's September 2, 2020, Order mimicked the language of the statute: "…[T]he defendant is committed to the custody of the Attorney General *to be hospitalized for treatment in a suitable mental health facility* for a reasonable period of time, not to exceed four months…." (Docket Item No. 37.) Thus, based on the plain language of the statute, and the court's September 2, 2020, Order, the four-month period pertains to the period of hospitalization for treatment and, therefore, begins with the defendant's arrival at the treatment facility, which, in this case, occurred when the defendant arrived at FMC Butner on December 21, 2020. *See United States v. Villegas*, 589 F. App'x 372, 373 (9th Cir. 2015) (plain language of § 4241(d) provides that the four-month period of commitment begins on the date of hospitalization); *see also United States v. Wills*, 2020 WL 53850, at *3 (S.D. W.Va. Jan. 3, 2020) (four-month time period under § 4241(d) for conducting evaluation of defendant did not begin to run until defendant arrived at FMC Butner).

In *United States v. Flanery*, 1989 WL 79731, at *3 (4th Cir. July 13, 1989), the Fourth Circuit upheld a ruling by this court that the four-month period prescribed by §4241(d)(1) applied only to the period of hospitalization for the determination of the defendant's competency. *See also United States v. Barfield*, 969 F.2d 1554, 1557

(4th Cir. 1992) (§ 4241(d)(1) states that, "upon a finding of incompetence, a defendant should be hospitalized for a period '*not to exceed four months.*'" (emphasis in original)). The Fourth Circuit in *Flanery* specifically rejected that its opinion in *United States v. Charters*, 829 F.2d 479 (4th Cir. 1987), or the Sixth Circuit's opinion in *United States v. Baker*, 807 F.2d 1315 (6th Cir. 1986), required a different result. *See* 1989 WL 79731, at *3; *see also United States v. Magassouba*, 544 F.3d 387, 412-13 (2nd Cir. 2008) (§ 4241(d)(1) four-month confinement pertains to time a defendant is hospitalized for treatment in a suitable facility). Therefore, the Motion is **DENIED**.

The Clerk is directed to send copies of this Order to all counsel of record, the U.S. Marshals Service and the Warden of FMC Butner.

**ENTERED:** February 16, 2021.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE